Cite as: 558 U. S. \_\_\_\_ (2009)          1

# SUPREME COURT OF THE UNITED STATES

_____

No. 09–7328 (09A428)

_____

## JOHN ALLEN MUHAMMAD *v.* LORETTA K. KELLY, WARDEN

ON APPLICATION FOR STAY AND ON PETITION FOR A WRIT OF
CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR
THE FOURTH CIRCUIT

[November 9, 2009]

The application for stay of execution of sentence of death
presented to THE CHIEF JUSTICE and by him referred to
the Court is denied. The petition for a writ of certiorari is
denied.

Statement of JUSTICE STEVENS, with whom JUSTICE
GINSBURG and JUSTICE SOTOMAYOR join, respecting the
denial of the petition for writ of certiorari.

This case highlights once again the perversity of execut-
ing inmates before their appeals process has been fully
concluded. Under our normal practice, Muhammad's
timely petition for certiorari would have been reviewed at
our Conference on November 24, 2009. Virginia has
scheduled his execution for November 10, however, so we
must resolve the petition on an expedited basis unless we
grant a temporary stay. By denying Muhammad's stay
application, we have allowed Virginia to truncate our
deliberative process on a matter—involving a death row
inmate—that demands the most careful attention. This
result is particularly unfortunate in light of the limited
time Muhammad was given to make his case in the Dis-
trict Court.

I continue to believe that the Court would be wise to
adopt a practice of staying all executions scheduled in
advance of the completion of our review of a capital defen-

dant's first application for a federal writ of habeas corpus. See, *e.g., Emmett* v. *Kelly*, 552 U. S. 942 (2007) (STEVENS, J., joined by GINSBURG, J., respecting denial of certiorari); *Breard* v. *Greene*, 523 U. S. 371, 379 (1998) (STEVENS, J., dissenting).  Such a practice would give meaningful effect to the distinction Congress has drawn between first and successive habeas petitions.  See 28 U. S. C. §2244(b).  It would also serve the interests of avoiding irreversible error, facilitating the efficient management of our docket, and preserving basic fairness by ensuring death row inmates receive the same procedural safeguards that ordinary inmates receive.

Having reviewed petitioner's claims, I do not dissent from the Court's decision to deny certiorari.  "I do, however, remain firmly convinced that no State should be allowed to foreshorten this Court's orderly review of . . . first-time habeas petition[s] by executing prisoners before that review can be completed." *Emmett*, 552 U. S., at 943.